**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**
**MAY SESSION, 1999**

**FILED**

June 18, 1999

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,    )
    )    No. 01C01-9810-CR-00390
    Appellee    )
    )    DAVIDSON COUNTY
vs.    )
    )    Hon. Cheryl Blackburn, Judge
JOSEPH WAYNE RUSSELL,    )
    )    (Sentencing)
    Appellant    )

For the Appellant:

**Jeffrey A. DeVashier**
Asst. Public Defender
1202 Stahlman Bldg.
Nashville, TN 37201

(ON APPEAL)


**Alan Calhoun**
Asst. Public Defender
1202 Stahlman Bldg.
Nashville, TN 37201

(AT TRIAL)


**Karl Dean**
Public Defender

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Georgia Blythe Felner**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493


**Victor S. (Torry) Johnson III**
District Attorney General

**Nick Bailey**
Asst. District Attorney General
Washington Sq., Suite 500
222-2nd Avenue North
Nashville, TN 37201-1649


OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20


**David G. Hayes**
Judge

**OPINION**

The appellant, Joseph Wayne Russell, appeals the sentencing decision of the Davidson County Criminal Court. Originally indicted on two counts of rape of a child, the appellant pled guilty to one count of criminal attempt to commit rape of a child, a Class B felony. Under the terms of the plea agreement, the appellant received an eight year sentence with the manner of service of the sentence to be submitted to the trial court for determination. The trial court ordered total confinement. The appellant appeals contending that the trial court erred in failing to grant an alternative sentence, specifically arguing that he should have been placed on "probation after some period of confinement."

After review of the record, we affirm the judgment of the trial court pursuant to Rule 20, Tenn. Ct. Crim. App. R.

A sentencing hearing was scheduled for July 1, 1998. Neither party presented any witnesses, relying solely on the presentence report, the sex offender evaluation report, the facts related at the guilty plea hearing, and argument of counsel. The factual basis for the plea established that the appellant, twenty years old, engaged in consensual sexual intercourse with a twelve year old victim; this was the appellant's second sexual penetration of the minor victim.

After considering the evidence, the trial court imposed a sentence of total incarceration. Specifically, the trial court found:

> [The] [p]re-[s]entence [r]eport reflects an individual who even though the circumstances of this offense may be somewhat unusual, you do have a previous history of criminal behavior.[1] You have been even sent to Taft, which is a very severe punishment for someone, for robberies, aggravated robberies. . . . You've committed delinquent acts

---

[1]The record reflects that the appellant has the following juvenile adjudications: aggravated assault, possession of crack cocaine for resale, and two convictions of aggravated robbery. We note that the instant offense occurred in September of 1997, just over a year after his release from Taft Youth Center in May of 1996.

which would be felonies if they were adults. . . . [G]iven your record, I don't think you deserve probation or alternative sentencing. Least restrictive measures have been frequently or even restrictive measures have been applied unsuccessfully to you in the past. You have not demonstrated any kind of potential for rehabilitation or even an ability to abide by the laws.
Your employment history is abysmal.
. . . [Y]ou have not demonstrated to me, because you have no presumption of an alternative sentence, as to why I should do this or as to why I should place you on alternative sentencing.

See Tenn. Code Ann. § 40-35-103(1)(A) and (C) (1997).

When the sentencing court properly considers the relevant sentencing considerations, this court conducts a *de novo* review with the presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1997); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Because the appellant was convicted of a Class B felony, the presumption of an alternative sentence is not applicable. See Tenn. Code Ann. § 40-35-102(6) (1997). Moreover, the appellant bears the burden of showing that the sentence imposed by the trial court is improper. See Tenn. Code Ann. § 40-35-210(b)(3) (1997).

The appellant has not met his burden of demonstrating the impropriety of the trial court's denial of alternative sentencing. The record fully supports the trial court's determination denying the appellant a non-incarcerative sentence. We agree with the trial court that a sentence of incarceration is justified.

Accordingly, the trial court's imposition of a sentence of total confinement is affirmed pursuant to Rule 20, Tenn. Ct. Crim. App. R.

_____

3

DAVID G. HAYES, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
NORMA MCGEE OGLE, Judge